THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.  
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 
 
 

v.

 
 
 
 Jeremy Saquan
 Wright, Appellant.
 
 
 

Appeal From Dillon County
Thomas A. Russo, Circuit Court Judge

Unpublished Opinion No. 2012-UP-334   
Submitted May 1, 2012 – Filed May 30, 2012

AFFIRMED

 
 
 
 Chief Appellate Defender Robert M. Dudek,
 of Columbia, for Appellant.
 Attorney General Alan Wilson, Chief Deputy
 Attorney General John W. McIntosh, Assistant Deputy Attorney General Donald J.
 Zelenka, and Senior Assistant Attorney General William Salter, III, all of
 Columbia; and Solicitor William B. Rogers, Jr., of Bennettsville, for
 Respondent.
 
 
 

PER CURIAM: Jeremy Saquan Wright appeals his
 convictions of murder and possession of a weapon during the commission of a
 violent crime, arguing the trial court erred in refusing to allow him to
 cross-examine a witness regarding bias.  We affirm[1] pursuant
 to Rule 220(b)(1), SCACR, and the following authorities: State v.
 Quattlebaum, 338 S.C. 441, 450, 527 S.E.2d 105, 109 (2000) ("As a
 general rule, a trial court's ruling on the proper scope of cross-examination
 will not be disturbed absent a manifest abuse of discretion."); State
 v. Aleksey, 343 S.C. 20, 33, 538 S.E.2d 248, 255 (2000) ("The
 right to a meaningful cross-examination of an adverse witness is included in
 the defendant's Sixth Amendment right to confront his accusers."); id. at 33-34, 538 S.E.2d at 255 ("This does not mean, however, that trial
 courts conducting criminal trials lose their usual discretion to
 limit the scope of cross-examination."); id. at 34, 538 S.E.2d at
 255 ("On the contrary, trial [courts] retain wide latitude . . . to impose
 reasonable limits on such cross-examination based on concerns about, among
 other things, harassment, prejudice, confusion of the issues, witness' safety,
 or interrogation that is repetitive or only marginally relevant." (citation
 and internal quotation marks omitted)).
AFFIRMED.
PIEPER, KONDUROS, and
 GEATHERS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.